# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL, #B88728, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 19-cv-00681-NJR ) |
| WEXFORD HEALTH SOURCE, INC., DR. AHMED, and WARDEN BROOKHART, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Santoin Russell, an inmate of the Illinois Department of Corrections currently incarcerated at Stateville Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff asserts claims under the Eighth Amendment related to medical care while he was incarcerated at Lawrence Correctional Center. (Doc. 1). He seeks monetary damages. (*Id.*).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On September 6, 2017, Plaintiff was stabbed above his left eye while incarcerated at Menard Correctional Center. (Doc. 1, p. 6).

He received stitches to close the wound but was not given any medication. He was transferred to Lawrence the next day. He complained about pain to nurses—and in a grievance—and received pain medication two days later. After taking all of the pain medication, he complained again about pain, swelling, and blurred vision in his left eye to nurses and in grievances.

Plaintiff was seen by a doctor on October 15, 2017. The doctor attributed his issues to allergies, but Plaintiff told him he had not experienced these issues in the past with allergies. (*Id.* at 7). The doctor prescribed a nasal spray, but it did not relieve the pain, swelling, or blurred vision.

On March 17, 2018, Plaintiff was seen by a nurse who refused to treat his pain and suffering. On April 7, 2018, a nurse gave Plaintiff ibuprofen. Plaintiff had a doctor's visit that was cancelled on April 9, 2018. (*Id.* at 8). He went on a hunger strike on April 20, 2018, seeking treatment for his blurred vision, swelling, pain, and suffering. He suffered for eight months without proper medical care. He wrote Warden Brookhart regarding his condition to no avail.

Based on the allegations in the Complaint, the Court finds it convenient to divide the action into the following Counts:

> **Count 1:** **Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Ahmed and Wexford for denying Plaintiff adequate and timely medical care.**
>
> **Count 2:** **Eighth Amendment deliberate indifference to serious medical needs claim against Warden Brookhart for refusing to address letters regarding Plaintiff's medical condition.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly***

**pleading standard.**[1]

## Discussion

*Count 1*

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The subjective component of the claim requires Plaintiff to demonstrate that each defendant responded to his medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

Plaintiff's references to the "doctor" fail to allege conduct by a specific individual. 28 U.S.C. § 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). To state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Because of Plaintiff's failure to associate specific acts of wrongdoing with Dr. Ahmed, the personal involvement requirement necessary for Section 1983 liability is not met. *Id*. Further, even assuming that each reference to "doctor" is Dr. Ahmed, the Complaint does not allege sufficient facts to suggest that he was deliberately indifferent to a risk of serious harm. Accordingly, the claim against Dr. Ahmed in Count 1 will be dismissed without prejudice for failure to state a claim for relief.

Plaintiff also fails to state a claim against Wexford. As a private corporation providing

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

healthcare for prisoners, Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). It cannot be held liable based on the actions of its employees or agents. *Id.* ("*respondent superior* liability does not apply to private corporations under § 1983"). Plaintiff does not identify a Wexford policy or practice that caused any medical providers to deny and/or delay treatment. As such, the claim against Wexford in Count 1 will also be dismissed without prejudice for failure to state a claim for relief.

*Count 2*

The Complaint includes only two allegations against Warden Brookhart. First, Plaintiff alleges Warden Brookhart's refusal to address letters sent to him by Plaintiff violated his right to be free from cruel and unusual punishment under the Eighth Amendment. Second, he alleges he wrote to Warden Brookhart regarding his condition to no avail. These threadbare, conclusory allegations are insufficient to state a deliberate indifference claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Plaintiff does not state when he wrote to Warden Brookhart or what information he provided in his correspondence – facts that are critical to his claim. As such, the claim against Warden Brookhart in Count 2 will be dismissed without prejudice for failure to state a claim for relief.

### **Pending Motions**

*Motion for Recruitment of Counsel*

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to

recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff discloses four unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. He does not, however, provided any reason why he needs counsel other than his inability to afford counsel. He does not point to any impediment to *pro se* litigation. Although lacking sufficient factual detail, his Complaint is coherent, and he appears capable of litigating this matter *pro se*. Therefore, Plaintiff's Motion for Counsel (Doc. 3) is denied without prejudice.

### *Motion for Service of Process at Government Expense*

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is denied. The Complaint is being dismissed and, therefore, the motion is moot. Further, Plaintiff is advised that it is not necessary for a litigant proceeding *in forma pauperis* to file a motion requesting service of process by the United States Marshal Service or other process server.

### **Disposition**

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Service of Process at Government Expense

(Doc. 4) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **October 10, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he

use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00681-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 5, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**