IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL, #B88728, **Plaintiff,** v. WEXFORD HEALTH SOURCE, INC., DR. AHMED, WARDEN BROOKHART, JOHN DOE, and JANDE DOE, **Defendants.** | Case No. 19-cv-00681-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Santoin Russell, an inmate of the Illinois Department of Corrections currently incarcerated at Stateville Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred at Menard Correctional Center ("Menard") and Lawrence Correctional Center ("Lawrence"). He seeks monetary damages.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Russell alleges the following: On September 6, 2017, he was stabbed with a knife above his left eye while at Menard. (Doc. 8, p. 6). Russell received stiches, but was not given any pain medication by Jane Doe or John Doe. (*Id.*).

The next day, on September 7, 2017, he was transferred to Lawrence. (*Id.*). After arriving at Lawrence, he filed grievances and repeatedly complained about his pain, swelling, and blurred vision, but did not receive treatment, specifically pain medication.

On October 15, 2017, Dr. Ahmed stated that his symptoms were due to allergies and prescribed Russell nasal spray. (*Id.* at p. 10). Dr. Ahmed did not give him any pain medication, and he continued to experience pain, swelling, and blurred vision.

On April 7, 2018, he was given ibuprofen, and on April 9, 2018, he was scheduled to see a doctor, but the appointment was canceled. (*Id.* at p. 13). Because he was not receiving treatment, on April 20, 2018, Russell went on a hunger strike, and then received an x-ray, which came back negative. (*Id.* at p. 14). Russell continued to experience swelling and blurred vision and asked for an MRI. The request was denied. (*Id.*).

Nurse Stover treated Russell with ibuprofen and antibiotics for nerve damage several weeks later. (*Id.*). Following the treatment for nerve damage everything healed, but Russell still suffers from hearing loss in his left ear as a result of receiving delayed diagnosis and medical care. (*Id.*).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the claims into the following two Counts:

> **Count 1:** Eighth Amendment claim of deliberate indifference against Jane Doe and John Doe for failing to prescribe Russell pain medication after he was stabbed while at Menard.
>
> **Count 2:** Eighth Amendment claim of deliberate indifference against Wexford Health Source, Dr. Ahmed, and Brookhart for denying and delaying Russell treatment while at Lawrence for nerve damage cause by being stabbed.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 2

Russell's claim that Jane Doe and John Doe were deliberately indifferent for failing to prescribe him pain medication at Menard, Count 1, survives screening. *See Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997) ("delays in treating painful medical conditions that are not life-threatening can support Eighth Amendment claims.").

Furthermore, Russell alleges that Wexford Health Source's ("Wexford") policy of considering costs when determining whether to provide care resulted in his inadequate care (Doc. 8, p. 16), and that Warden Brookhart was deliberately indifferent to his medical needs because he spoke with her and sent her an emergency grievance, but she ignored his requests for treatment. Both these allegations are sufficient for Count 2 to survive

---

[1] *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007). This includes allegations against individuals not identified as defendants in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

screening against Wexford and Brookhart. *See Perez v. Fenoglio,* 792 F.3d 768, 780, 781-82 (7th Cir. 205). Finally, Count 2 survives screening against Dr. Ahmed, who Russell claims misdiagnosed him with allergies and failed to treat his continuous pain. *See Gutierrez,* 111 F.3d at 1371.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

As previously noted, Russell will be allowed to proceed with Count 1 against Jane Doe and John Doe, but these individuals must be identified with particularity before service of the First Amended Complaint can be made. Russell will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the warden of Menard Correctional Center, Alex Jones, will be added to the docket in his official capacity only and shall be responsible for responding to discovery aimed at identifying these unknown defendants. Once the names of these individuals are discovered, Russell shall file a motion to substitute each newly identified defendant in place of the generic designations in the case caption and throughout the First Amended Complaint.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against Jane Doe and John Doe, and **Count 2** shall proceed against Wexford, Dr. Ahmed, and Brookhart. The Clerk of Court is **DIRECTED** to **ADD** the warden of Menard Correctional Center, **Alex Jones**, as a defendant in his official capacity only for the purpose of identifying the unknown defendants.

The Clerk of Court shall prepare for **Alex Jones (official capacity only), Wexford,**

**Dr. Ahmed, Brookhart,** and **Jane Doe** and **John Doe (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 8) and this Memorandum and Order to Defendants' place of employment as identified by Russell. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Russell, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **Jane Doe** or **John Doe** until such time as Russell has identified them by name in a properly filed motion for substitution. Russell is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of **Jones,** Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**Jones** is **ORDRED** to timely enter his appearance, but he does not need to file an Answer or other responsive pleading. Once **Jones** enters his appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **Jones** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

**IT IS FURTHER ORDERED** that if judgment is rendered against Russell, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Russell is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b)

IT IS SO ORDERED.

DATED: February 18, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Russell is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Russell need not submit any evidence to the Court at his time, unless otherwise directed by the Court.