IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANTOIN RUSSELL, #B88728,　　　　　Plaintiff,　v.　WEXFORD HEALTH SOURCES, INC., *et al.*,　　　　　Defendants. | Case No. 19-cv-00681-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Before the Court is a Motion to Seal Documents filed by Defendant Wexford Health Sources, Inc ("Wexford"). (Doc. 45). Wexford requests that the Court seal three exhibits submitted by Plaintiff Russell along with the First Amended Complaint. (Doc. 8). The exhibits include 1) an expert report labeled "James Boxer Expert;" 2) Wexford Health Sources, Inc. Provider Handbook – marked "confidential-subject to general protective order;" and 3) a deposition labeled "Wendy Olsen-Foxon." All three exhibits appear to be documents from other lawsuits.

Motions to seal are disfavored, for there is a presumption that documents affecting the disposition of litigation should be open to public view. *E.g., Nixon v. Warner Commc'n., Inc.,* 435 U.S. 598, 597 (1978); *In re Sprecht*, 622 F.3d 697, 701 (7th Cir. 2010); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988). This right of access ensures public confidence and oversight, enabling "interested members of the public, including lawyers, journalists, and government officials, to know who's using the courts, to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goessel v. Boley Int'l, Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). There are exceptions to the public access rule but they are narrow, and the Court

must determine that good cause exists prior to sealing any part of the record. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir.1999).

The requests to seal the handbook and deposition are denied. Wexford argues that the Provider Handbook should be sealed because it was produced subject to a protective order in another lawsuit. Wexford states that if the document had been requested by Plaintiff in this matter, the handbook would have only been produced pursuant to a protective order. Claiming that the information in the handbook is confidential, without more information, is not a sufficient reason for the Court to find good cause. *See Bowman v. Int'l Business Machines Corp.,* 2012 WL 5285891, at 2 (S.D. Ind. Oct. 25, 2012) ("[s]imply stating that documents are confidential or subject to a protective order does not establish good cause for sealing documents") (citing *Baxter v. Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 546–47 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567–68(7th Cir. 2000)). Furthermore, the Court notes that a very similar, if not identical document, is already public record, as it was filed as an exhibit in *Knuth v. Wexford Health Sources, Inc.,* No. 15-cv-02666, 2018 WL 10799157 (N.D. Ill. Mar. 12, 2018) (*see* Doc. 84-2). *See In the Matter of Lisse,* 905 F. 3d 495, 496 (7th Cir. 2018) (noting that public records are "appropriate subjects of judicial notice").

Likewise, the Court is unconvinced that the deposition needs to be sealed in its entirety because it discusses the medical treatment and medications for a particular patient. This document too was filed as an exhibit in another lawsuit and is available to the public. *See Williams v. Wexford Health Sources, Inc.,* No. 14-cv-932, 2018 WL 5884536 (N.D. Ill. Nov. 9, 2018) (Doc. 128-1). However, out of an abundance of caution, the Court will direct the Clerk of Court to redact lines 2-4 and the name listed in line 6 on page 88 of Doc. 8, which discusses the medication of an individual who is not a party to this case. *See Monroe v. Baldwin*, No. 18-CV-156-NJR-MAB, 2019 WL 2409572 at *1 (S.D. Ill. June 7, 2019) (sealing exhibits that "personally identifies parties

and non-parties, pertains to individuals' medical histories, and/or is not central to Plaintiffs' claims.").

The Court will seal the expert report titled "James Boxer Expert." Again, the argument that the document contains protected proprietary business information without more information on how disclosure would cause harm to Wexford does not demonstrate good cause. *See Baxter,* 297 F. 3d at 547. But because the report contains extensive medical information of a nonparty and it is not clear whether the name redacted throughout the report is James Boxer written at the top of the report, the report will be sealed for now. The Court will revisit the issue upon the filing of a motion to unseal or if it becomes apparent that the information in the expert report "affects the disposition of the litigation[.]" *United States v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009).

Accordingly, the Motion to Seal Documents (Doc. 45) is **GRANTED in part** and **DENIED in part**. The Clerk of Court is **DIRECTED** to refile pages 86-88 of Doc. 8 as an exhibit with lines 2-4 and the name listed in line 6 on page 88 redacted. The Clerk is further **DIRECTED** to refile pages 45-61 of Doc. 8 as a **SEALED** exhibit.

**IT IS SO ORDERED.**

**DATED:   January 13, 2021**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**